Filed 5/4/21  P. v. Cato CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308565 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA365074) |
| v. | |
| MICHELLE KIESHUA CATO, | |
| Defendant and Appellant. | |

THE COURT:

On November 21, 2009, defendant Michelle Kieshua Cato had an argument with Earley Nicolis (Nicolis) at a park.  Two days later, Nicolis returned to the park with his mother, Sheila Zaldana (Zaldana).  Defendant showed up, and Nicolis and defendant resumed their argument.  Defendant then showed Nicolis a gun in her waistband.  At some point, defendant "'tried to pull the trigger'" on Nicolis, but the gun did not fire.  (*People v. Cato* (Apr. 2, 2013, B238217) [nonpub. opn.], p. 4.)  Zaldana intervened; defendant "lunged forward toward Zaldana and pulled the trigger," shooting Zaldana in the head.  (*Ibid.*)  Zaldana died from the gunshot wound.  (*Ibid.*)

Following trial, defendant was convicted of one count of second degree murder and one count of attempted murder. The jury also found that defendant personally used a firearm, personally and intentionally discharged a firearm, and personally and intentionally discharged a firearm causing death; the jury also found the firearm allegation to be true. The trial court sentenced her to a total term of 57 years to life in state prison. (*People v. Cato*, *supra*, B238217, at p. 2.)

On direct appeal, we affirmed the judgment. (*People v. Cato*, *supra*, B238217, at p. 1.)

On July 29, 2019, defendant, in pro. per., filed a petition for resentencing pursuant to Penal Code section 1170.95. The People opposed her petition. The trial court appointed counsel to represent defendant in connection with her petition for resentencing.

At the October 8, 2019, hearing, the trial court denied defendant's petition on the grounds that she was the only person involved in this case and was the actual killer.

Defendant filed a timely notice of appeal.

Appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. In addition, appointed counsel asked that we independently review the record on appeal in order to determine whether it contains any arguable issues.

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano*, *supra*, 211 Cal.App.4th at p. 503.) However, we do review any contentions

or arguments made if the defendant files his or her own supplemental brief or letter. (*People v. Cole*, *supra*, at p. 1039.)

On February 16, 2021, we notified defendant of her counsel's brief and gave her leave to file, within 30 days, her own brief or letter setting forth any grounds for appeal, contentions, or arguments she might wish to have considered. To date, no such brief or letter has been filed.

Because neither defendant nor appellate counsel identified an issue warranting reversal, we dismiss the appeal as abandoned. (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111; but see *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when appointed counsel files a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 in an appeal from a summary denial of a Penal Code section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but it can and should do so in the interests of justice]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598 [same]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.